*566 OPINION of the Court, by
Judge Owsley.
January having sold and executed his obligation to convey to Bradford, a lot of ground in Lexington, Bradford gave his obligation to January, binding himself to pay the purchase money at the several times agreed upon by the parties.
Bradford failing to pay according to his obligation, suit was brought by January, and judgment recovered at law; and after Bradford had transferred his equity in the lot to Arnold, who had transferred it to Fowler, January, without the assent of Bradford, executed to him. a deed of conveyance; and having acknowledged it before the clerk of the county court of Fayette, caused an. execution which issued upon his judgment to be levied upon the lot, and exposed the same to sale.
Bradford then, after notifying January for that purpose, moved the court to quash the execution, sale, &c. f and the court being of opinion the legal title still remained in January, quashed the execution and sale; and to reverse that decision, January has appealed to this court. Against these proceedings it is objected that because the notice fails to specify the grounds upon which, the application would be made to the court to quash tk& sale, &c. that the judgment ought to be reversed.
An equitable intereft in land is not liable to execution.
We are unable, however, to perceive any weight in the objection. If owing to the uncertainty of the notice January had been unprepared at the triál to defend the motion, he should have applied to the court for a continuance ; but having failed to do so, it is too late now in this court for the first time to object to the vagueness of the notice.
It is also objected that the court should not have proceeded to quash the sale, without notice having been previously given to the purchaser.
As tile purchaser had no notice of the motion, there is no doubt his interest cannot in any manner be affected By the decision ; but no reason is perceived for reversing the judgment at the instance of January, because of the failure to give notice to the purchaser.
But it is again contended that the court erred in quashing the proceedings for'the reasons alleged in their opinion.
That an equitable interest in lands is not subject to sale by execution, has, by the repeated decisions of this court, (a) been incontrovertibly settled; and if so, there can be no question but the land purchased by Bradford was improperly exposed to sale.
It is time a conveyance appears to have been made by January before the execution was levied upon the land; but that conveyance, as it was not accepted by Bradford, cannot, under the circumstances of this case, have Vested in him the legal title.
Judgment affirmed.

 See 2 Bibb 94, Allen vs. Sanders.